# Exhibit B

| | |
|---|---|
| STATE OF SOUTH CAROLINA | } IN THE COURT OF COMMON PLEAS |
| | } FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | } 2017-CP-26-04434 |
| | } |
| Edward Williams, | } |
| | } |
| Plaintiff, | } SUMMONS |
| | } |
| vs. | } JURY TRIAL DEMANDED |
| | } |
| State Farm Mutual Automobile | } |
| Insurance Company, Policy | } |
| No. 522504240A, | } |
| | } |
| Defendant. | } |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the Complaint on the subscriber at Post Officer Drawer 1829, Conway, South Carolina 29528, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for the said relief demanded in the Complaint.

TO INFANT(S) OVER FOURTEEN YEARS OF AGE (AN IMPRISONED PERSON):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent you in this action within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff herein.

TO INFANTS(S) UNDER FOURTEEN YEARS OF AGE (INCOMPETENT OR INSANE) AND TO (GENERAL OR TESTAMENTARY GUARDIAN) (COMMITTEE) WITH WHOM (S)HE/(THEY) RESIDE(S):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent said infant(s) under fourteen years of age (said incompetent or insane person) within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

Signature Page to Follow

ELECTRONICALLY FILED - 2017 Jul 14 12:05 PM - HORRY - COMMON PLEAS - CASE#2017CP2604434

July14, 2017
Conway, South Carolina

s/Jeffrey E. Johnson
Jeffrey E. Johnson, Esq.
SC Bar No. 16835
Post Office Box 1829
Conway, SC 29528
Tel: (843) 488-5333
Fax: (843) 488-4290
Attorney for Plaintiff

ELECTRONICALLY FILED - 2017 Jul 14 12:05 PM - HORRY - COMMON PLEAS - CASE#2017CP2604434

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | |
| ) | CASE NO.: 2017-CP-26- 04434 |
| Edward Williams, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | **COMPLAINT** |
| ) | (Breach of Contract) |
| ) | (Bad Faith) |
| ) | (Statutory Attorney's Fees) |
| State Farm Mutual Automobile ) | |
| Insurance Company, Policy ) | |
| No. 522504240A, ) | (Jury Trial Demanded) |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff above named, complaining of the Defendant above named, respectfully shows unto the court and alleges as follows:

### FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

1. The Plaintiff, Edward Williams, currently resides in Horry County, South Carolina and did at the time medical bills and costs were incurred.

2. That the Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm"), is a corporation organized and existing under the laws of a state other than South Carolina and is authorized and licensed to do business in South Carolina and in the business of selling automobile liability, uninsured, underinsured, comprehensive, medical payments, personal injury protection, collision and towing and labor motorist insurance and either directly or indirectly, through its agents,

servants and/or employees has engaged in activities in South Carolina, by which it purposefully availed itself of the privilege of conducting activities and transacting business within South Carolina, and, thereby, invoked the benefits and protections of the laws of South Carolina.

3. That the parties hereto, the subject matter hereof, and all things and matters hereinafter alleged are within the jurisdiction of this Honorable Court.

4. That heretofore Defendant State Farm issued its policy of automobile liability, uninsured and underinsured motorist insurance, and personal injury protection Policy No. 522504240A to James Smart and Lauren Johnson. Plaintiff was a passenger in Lauren Johnson's vehicle on May 1, 2016 when said insured vehicle was involved in an automobile accident.

5. That the Plaintiff is now, and at all times relevant hereto, incurred emergency travel expenses, medical treatment, therapy, medical tests, pharmacy bills for medications and devices, CT scans as well as other medical expenses for medical treatment which were covered, payable and due under the terms and conditions of said policy.

6. Plaintiff initially requested personal injury protection [ hereinafter "PIP"] coverage reimbursement on June 22, 2016 and forwarded copies of the bills he had incurred to Defendant. In said request attached hereto as "Exhibit A" Plaintiff specifically requested the reimbursement for medical bills be made payable to him and delivered to his attorney's office.

7. Plaintiff placed a call to Defendant on July 18, 2016 and was informed that they had mailed payment directly to the medical provider that treated Plaintiff as opposed to sending payment to Plaintiff as directed.

ELECTRONICALLY FILED - 2017 Jul 14 12:05 PM - HORRY - COMMON PLEAS - CASE#2017CP2604434

8. Pursuant to SC Code Ann. 38-77-160, pip and medical payment coverage shall not be assigned or subrogated against.

9. Despite repeated demands for payment of PIP under the terms of the policy the Defendant unreasonably refused to pay and/or re-issue the pip reimbursement to Plaintiff as Plaintiff required further treatment for his injuries.

10. Plaintiff also requested a certified copy of Defendant's insured's automobile policy on August 26, 2016 and has not received same.

11. That on or about May 1, 2016, Plaintiff was a passenger in Lauren Johnson's 2011 Ford vehicle, insured by Defendant, bearing South Carolina License Plate Number KZJ737, or some similar numbers, in Horry County, South Carolina and was traveling south on SEC-45 in Loris, South Carolina when the driver of another vehicle traveling in the opposite direction began to cross the center line causing Lauren Johnson's vehicle to travel off the road and strike a ditch, cable box and tree.

12. That Defendant, through it agents, servants and employees, failed to reimburse Plaintiff under the PIP coverage for the payment of Plaintiff's injuries and resulting emergency medical treatment costs as well as all other following medical treatment and costs causally related to this wreck as required under said policy.

13. That Defendant failed to pay and or unreasonably failed to pay Plaintiff's claims and demands under their insured's PIP.

14. That the Defendant's conduct constitutes a breach of the insurance policy.

15. That the Plaintiff is entitled to recover actual and consequential damages as a result of the Defendant's conduct.

ELECTRONICALLY FILED - 2017 Jul 14 12:05 PM - HORRY - COMMON PLEAS - CASE#2017CP2604434

## FOR A SECOND CAUSE OF ACTION
### (Bad Faith Refusal to Pay or Unreasonable Delay in Paying Personal Injury Protection Insurance Claim)

16. Plaintiff incorporates by reference and re-alleges in this cause of action all the above allegations as if repeated herein verbatim.

17. That Plaintiff is informed and believes that Defendant owed Plaintiff a duty of good faith and fair dealing and implicitly covenanted to refrain from doing anything to impair Plaintiff's rights to receive legally entitled PIP insurance coverage and other benefits under the insurance contract with their insured.

18. That Defendant, through its agents, servants and/or employees, knowing that Plaintiff's claim is wholly valid and should be paid, has wrongfully and in breach of the implied covenant of good faith and fairdealing, withheld and denied the legally entitled PIP coverage and other benefits due Plaintiff. In denying Plaintiff's claim for legally entitled PIP coverage and other benefits, Defendant have acted wrongfully, unreasonably and in bad faith committed, among other acts, the following:

   a. Defendant failed and refused to make an adequate investigation before denying and/or delaying payment of legally entitled PIP coverage and other benefits under the insurance policy.

   b. Defendant refused and continued to refuse to give reasonable interpretations and provide a certified copy of the policy, South Carolina statutory law or any reasonable application of such provisions to Plaintiff's claim and has acted to protect its own financial interest therein at the expense of Plaintiff's rights.

   c. Defendant refused to offer and pay to Plaintiff the legally entitled PIP coverage and other benefits under said insurance policy, even though Defendant's files contained sufficient information to provide Plaintiff with the legally entitled PIP and

ELECTRONICALLY FILED - 2017 Jul 14 12:05 PM - HORRY - COMMON PLEAS - CASE#2017CP2604434

other benefits payable under the policy.

    d.    Defendant has failed to provide Plaintiff with any reasonable or justifiable basis for denying and/or delaying payment of Plaintiff's claim in relation to the insurance policy under the facts or applicable law.

    e.    Defendant's refusal to and/or unreasonable delay in paying benefits due Plaintiff compelled Plaintiffs to seek, consult and employ legal representation to initiate litigation for recovery of entitled benefits which were due.

19.    That as a direct and proximate result of the conduct of Defendant, Plaintiff has sustained substantial compensable losses due to Defendant unreasonably denying, delaying and withholding benefits which caused Plaintiffs to incur actual and consequential damages, attorney fees and costs.

20.    That the Defendant's refusal to pay the contracted benefits, without a reasonable basis, is in bad faith.

21.    That by reason of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts of commission and/or omission and violation of South Carolina statutory law on the part of the Defendant as aforesaid, the Plaintiff has incurred and is entitled to actual, consequential and punitive damages as the trial jury may deem just and proper and attorney fees.

### FOR A THIRD CAUSE OF ACTION
(Attorney Fees)

22.    Plaintiff incorporates by reference and re-alleges in this cause of action all of the above allegations as if repeated herein verbatim.

23. That pursuant to SC Code Section 38-77-160, pip and medical payment coverage shall not be assigned or subrogated against and that due to said violation of South Carolina statutory law, the Plaintiff is entitled to an award of attorneys' fees in the amount of one-third of the total recovery.

WHEREFORE PLAINTIFF PRAYS:

1. For judgment, against the Defendant, in a sum sufficient to adequately and fairly compensate the Plaintiff for actual and consequential damages plus such punitive damages as the trial jury may deem just and proper.

2. For the attorney's fees, costs and disbursements of this action.

3. For such other and further relief as this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY:    s/Jeffrey E. Johnson
Jeffrey E. Johnson, SC Bar 16835
1409 Second Avenue
P.O. Drawer 1829
Conway, SC 29528-0890
Phone: (843) 488-5333
FAX: (843) 488-4290
Attorney for Plaintiff

July 14, 2017
Conway, South Carolina

ELECTRONICALLY FILED - 2017 Jul 14 12:05 PM - HORRY - COMMON PLEAS - CASE#2017CP2604434



# JEFFREY E. JOHNSON
## ATTORNEY AT LAW, LLC
1409 Second Avenue
Conway, South Carolina 29526

Reply to:   P.O. Drawer 1829
            Conway, SC 29528

S.C. Certified Civil Court Mediator

ADMITTED:
United States Supreme Court.
South Carolina Supreme Court
United States Court of Appeals 4th Circuit
United States District Court District of South Carolina

Tel: (843) 488-5333
FAX: (843) 488-4290
EMAIL: firm@jjohnsonlaw.net

Fax = 3 pages

June 22, 2016

**VIA FACSIMILE ONLY: 888-870-0317 & 844-218-1140**

**Attn: PIP CLAIMS**
State Farm Insurance

    RE:   My Client:      Edward Williams
          Your Insured:   James Smart and Lauren Johnson
          Claim No:       40-8M32-761
          DOA:            5-1-2016

### REQUEST FOR MEDPAY OR PIP BENEFITS

Dear Sir or Madam:

I am enclosing herewith the following medical bills regarding this claim for the above client:

**Medical Bills for Edward Williams:**

| | |
|---|---|
| Horry County Fire Rescue (5/1/2016) | $495.00 |
| McLeod Loris Seacoast Hospital (5/1/2016) | $7,031.00 |
| **TOTAL:** | **$7,526.00** |

Please forward reimbursement of Medpay coverage made payable to the client and deliver the check to our office as soon as possible. Pursuant to SC Code Ann. 38-77-160, pip and medical payment coverage SHALL NOT be assigned or subrogated against.

Should you have any questions or concerns, please do not hesitate to contact our office.

With kind regards, I remain

Yours very truly,

Desiree M. Perzan
Desiree M. Perzan
Paralegal to Jeffrey E. Johnson

/dp
Enclosures



EXHIBIT A

ELECTRONICALLY FILED - 2017 Jul 14 12:05 PM - HORRY - COMMON PLEAS - CASE#2017CP2604434